IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PEARL ROSE HOLLAND FORD | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. RDB-06-2325 |
| MURIEL LUELLA HEMING (HOLLAND) WALKER, et al. | : | |
| | : | |
| Defendants | ..o0o.. | |

**MEMORANDUM OPINION**

Before the Court is a *pro se* Complaint filed by Pearl Rose Holland Ford. Plaintiff has also filed for leave to proceed *in forma pauperis*. The Court will grant the Motion to Proceed *in Forma Pauperis* and dismiss the Complaint without prejudice.

I. Standard of Review

The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) require only a "short and plain" statement of the claim. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of the claim which entitles her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In evaluating a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to Plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

Where as here, Plaintiff is *pro se* litigant, the Court accords the Complaint liberal construction, holding it to a less stringent standard than that drafted by an attorney. *See Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Social Services,* 901 F.2d 387, 390- 91 (4th Cir. 1990).

II. Analysis

The Complaint fails to state any basis for a cause of action against the named party Defendants. Further, the Complaint contains implausible or delusional assertions. For example, the Complaint alleges a claim of "grand theft of $148 billion from President Harry S. Truman." (Paper No. 1). Under these circumstances, the Court may dismiss the Complaints *sua sponte* under Fed  R. Civ. P 12 (b)(1). *See Apple v. Glenn,* 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States,* 159 F.R.D. 22  (D. Md. 1994); *see also Crowley Cutlery Co. v. United States,* 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on own initiative). For the above reasons, the Court will dismiss the complaint without prejudice by separate Order.


September 18, 2006                             /s/
Date                                                   RICHARD D. BENNETT
                                                       UNITED STATES DISTRICT JUDGE